UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>-against-<br><br>Abiola Olajumoke,<br><br>                      Defendant. | 19-CR-291 (LAP)<br><br>24-CV-7661 (LAP)<br><br><u>MEMORANDUM & ORDER</u> |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Petitioner Abiola Olajumoke's ("Petitioner") 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel (the "Motion").[1] The Government opposed the Motion,[2] relying in part on an affidavit submitted by Petitioner's former counsel, Mr. Tony Mirvis ("Counsel").[3] For the reasons set forth below, Petitioner's Motion is DENIED.

I. **Background**

   **a. Indictment, Conviction, and Sentencing**

On April 25, 2019, Petitioner was arrested pursuant to a sealed indictment charging him with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343. (<u>See</u> dkt. no. 2.)  On September 9, 2021, a superseding indictment was filed charging Petitioner with two additional counts: conspiracy to

---

[1] (<u>See</u> Motion to Vacate ("Mot."), dated Sept. 12, 2024 [dkt. no. 750].)
[2] (<u>See</u> Response in Opposition to Motion ("Opp'n"), dated Feb. 4, 2025 [dkt. no. 777].)
[3] (<u>See</u> Tony Mirvis Affidavit ("Mirvis Decl."), dated Jan. 7, 2025 [dkt. no. 775].)

1

commit money laundering, in violation of 18 U.S.C. § 1956(h), and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2.  (See dkt. no. 296.)

On January 11, 2023, Mr. Mirvis entered his Notice of Appearance and represented Petitioner during his plea and sentencing.  (Dkt. no. 639.)  On March 20, 2023, Petitioner pled guilty to one count of conspiracy to commit wire fraud pursuant to a plea agreement that memorialized that the parties agreed on a Guidelines range of 63 to 78 months of imprisonment and restitution in the amount of $2,025,523.57.  (Dkt. no. 667 at 5, 16.)  The plea agreement also contained a waiver of Petitioner's right to appeal or collaterally challenge his conviction if he received a sentence at or below the stipulated Guidelines range with a carve out allowing Petitioner to challenge his sentence on the grounds of ineffective assistance of counsel.  (Mirvis Decl. Ex. A at 6-7; dkt. no. 667 at 5, 16.)

On June 25, 2024, this Court sentenced Petitioner to 63 months of imprisonment and $2,025,523.57 in restitution, followed by 3 years of supervised release.  (Dkt. no. 732.)

    **b. The Instant Motion**

On September 6, 2024, Petitioner filed the instant Motion.  (Mot.)  Petitioner contends that after his sentencing he "[i]mmediately" instructed Mr. Mirvis to file an appeal on his behalf and that Counsel failed to file a notice of appeal before

2

the deadline despite Petitioner's multiple attempts to follow up. (Id. at ECF 2.)  As relief, Petitioner requests that this Court vacate and re-enter its judgment in order to reset the notice of appeal clock to allow Petitioner to file an appeal.  (Id. at ECF 3.)  Petitioner intends to appeal on the grounds of ineffective assistance of counsel alleging that Mr. Mirvis (1) failed to file his sentencing submission on time and omitted substantial information supporting his case for a reduced sentence, (2) did not properly advise him about the financial consequences of accepting the plea agreement, and (3) did not adequately inform him of potential defenses or alternatives to the plea agreement. (Id. at ECF 6.)

On October 28, 2024, the Government requested that the Court enter an order requesting an affidavit from Mr. Mirvis, addressing the allegations.  (Dkt. no. 761.)  On October 29, 2024, the Court entered the order.   (Dkt. no. 762.)   On November 15, 2024, Petitioner signed the Attorney-Client Privilege Waiver consenting to the Court-ordered affidavit from Mr. Mirvis.  (Dkt. no. 785 at ECF 5.)  On January 7, 2025, pursuant to the Court's order, Mr. Mirvis filed an affidavit responding to Petitioner's claims of ineffective assistance of counsel.   (Mirvis Decl.)   On July 8, 2025, Petitioner's newly retained counsel, Ms. Samantha Chorny, filed a clarification noting that the waiver had been misfiled

3

under the civil docket and that it was intended as a formal response to the Court's October 29, 2024 order. (Dkt. no. 802.)

Mr. Mirvis states that after the sentencing hearing he spoke with Petitioner and "explained some of his options" and that, in response, Petitioner did not ask him to file an appeal and "said he wanted to think about everything." (Mirvis Decl. ¶ 4.) On July 3, 2024, Counsel sent an email to Petitioner responding to some of his concerns about the handling of his case and sentencing. (See Mirvis Decl. Ex. A.) On the same day, Petitioner texted Counsel acknowledging his email and asking to speak on the phone. (Mirvis Decl. Ex. B.) On July 9, 2024, Counsel sent a text to Petitioner stating "Please let me know if you need me to file a Notice of Appeal for you. Today is the deadline," to which Petitioner did not respond. (Id.; Mirvis Decl. ¶¶ 7-8.) Counsel avers that Petitioner "did not instruct me to file a Notice of Appeal at any point after his Sentencing Hearing." (Id. ¶ 8.)

On February 4, 2025, the Government filed its opposition arguing that Petitioner's motion should be denied without a hearing. The Government contends that Petitioner's allegation that he requested his attorney file a notice of appeal is not sufficiently substantiated by evidence and is refuted by Mr. Mirvis's affidavit with attached documentary evidence. (Opp'n at 4.) Therefore, the Government concludes that Petitioner does not

4

raise an evidentiary issue that would warrant a hearing.  (Id. at 5.)

## II. Applicable Law

### a. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence" on the grounds, inter alia, that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  To succeed on a § 2255 motion, Petitioner must prove his claims by a preponderance of the evidence.  See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

### b. Ineffective Assistance of Counsel

#### i. Strickland Standard

To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness . . . considering all the circumstances [and] [p]revailing norms of practice" and that (2) counsel's unreasonable performance was "prejudicial to the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984).  The Court is not required to assess these prongs in order and may reject a claim for failing to satisfy either prong without discussing the other.  Id. at 697.

5

To satisfy the first prong Petitioner must show that counsel's conduct "amounted to incompetence under the prevailing professional norms." See Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted). In doing so the Court must maintain a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To show prejudice under the second prong, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### ii. Failure to File an Appeal

When Petitioner alleges that Counsel failed to file a timely notice of appeal, he may show that Counsel's performance was unreasonable in two ways: (1) Counsel disregarded his express instructions to file an appeal; or (2) Counsel unreasonably failed to consult with Petitioner about the possibility of filing an appeal. Herrera v. United States, 18 Cr. 13 (NRB), 2021 WL 1947544, *3 (S.D.N.Y. May 13, 2021); see also Campusano v. United States, 442 F.3d 770, 773 n.3 (2d. Cir 2006). If Petitioner can demonstrate that Counsel's unreasonable performance led to "the forfeiture of . . . an appeal altogether," then prejudice is presumed, and Petitioner need not make a showing that the claims he would have raised on appeal have any merit. Roe v. Flores-Ortega, 528 U.S. 470, 483 (U.S. 2000).

6

Looking at the first way for Petitioner to show Counsel's performance was unreasonable, alleging that his attorney disregarded his request to file an appeal, the Court "must determine whether [Petitioner] in fact requested that his attorney file an appeal." United States v. Rosario, No. 13 Cr. 514 (NRB), 2015 WL 4629453, at *5 (S.D.N.Y. Aug. 4, 2015).  Looking at Petitioner's alternative avenue, alleging "[C]ounsel unreasonably failed to consult with [Petitioner] regarding an appeal," Herrera, 2021 WL 1947544, at *3, the Court must determine whether Counsel advised Petitioner "about the advantages and disadvantages of taking an appeal and [made] a reasonable effort to discover [Petitioner's] wishes."  Robinson v. United States, 21-CV-786 (RJS), 2021 WL 568171, at *9 (S.D.N.Y. Feb. 16, 2021) (internal quotation marks omitted).

To make these determinations the Court must conduct "relatively simple fact-finding" proceedings in which the Court "has discretion to determine if a testimonial hearing will be conducted." Campusano, 442 F.3d at 776.  The Court need not order a hearing beyond reviewing the Motion, Counsel's affidavit, the Government's response, and the supporting documentary evidence if "any further evidentiary hearing . . . would add little or nothing to the written submissions."  See Nicholson v. United States, 566 F.Supp.2d 300, 305 (S.D.N.Y. 2008) (internal quotation marks

7

omitted); Paulino v. United States, 476 F.Supp.2d 395, 397 (S.D.N.Y. 2007).

### III. Discussion

Petitioner alleges that Counsel failed to file a timely notice of appeal on his behalf despite his explicit instructions and failed to consult with him about the possibility of filing an appeal. (Mot. at ECF 2.)

Petitioner asserts that "[i]mmediately following sentencing, Petitioner instructed Mr. Mirvis to file a notice of appeal" and that "Petitioner made multiple attempts to confirm the status of the appeal, but it was not filed before the deadline passed." (Mot. at ECF 2.) Petitioner does not provide any evidence to substantiate these allegations, and he does not specify when and how he asked Counsel to file an appeal. Moreover, these claims are rebutted by Mr. Mirvis's affidavit and the attached documentary evidence, which demonstrate Counsel adequately consulted with Petitioner regarding his right to an appeal and that Petitioner never requested that an appeal be filed on his behalf. (Mirvis Decl. ¶¶ 4-8.)

Counsel informed Petitioner, in person after his sentencing, of "some of his options," which implicitly includes his right to appeal, (see Mirvis Decl. ¶ 4), over email on July 3, 2024, (Mirvis Decl. Ex. A at ECF 4), and by text message on July 9, 2024 to remind Petitioner that it was the final day to file his appeal,

8

(Mirvis Decl. Ex. B at ECF 2). In each instance Petitioner never responded affirmatively to Counsel's repeated offers to file a notice of appeal on his behalf, (see Mirvis Decl. ¶ 4; Mirvis Decl. Ex. B at ECF 2), and he did not respond at all to Counsel's text message asking him if he wanted Counsel to file a notice of appeal on the day of the deadline, (id.). Instead, Petitioner did not text Counsel until August 23, 2024 -- some seven weeks later -- to inquire about the details of his surrender to the Bureau of Prisons. (Id.) This documented evidence refutes Petitioner's bare conclusory and unsubstantiated claims that he "made multiple attempts to confirm the status of the appeal." (Mot. at ECF 2.)

Thus, the Court finds that Petitioner did not ask Counsel to file an appeal and that no further hearing on the matter is necessary as it "accepts [C]ounsel's affidavit over [P]etitioner's bare assertions and concludes . . . that the taking of live testimony is not necessary to evaluate [P]etitioner's claims." United States v. Hernandez-Uberia, No. 07 Cr. 378-03 (SHS), 2010 WL 1948586, at *2 (S.D.N.Y. May 11, 2010); see also Garcia v. United States, No. 04 Civ. 6020 (RMB)(GWG), 2008 WL 2446840, at *3 (S.D.N.Y Jun. 17, 2008) (holding that no evidentiary hearing was needed to determine that there was no request to file an appeal in light of counsel's "eminently credible" affidavit that provided a "detailed description of events"). Additionally, given the evidence shows that Counsel consulted with Petitioner about the

9

possibility of filing an appeal on several occasions, the Court concludes that Counsel did not unreasonably fail to consult with Petitioner.  See Zapata v. United States, 193 F. App'x 40, 42 (2d Cir. 2006) (summary order) (upholding the district court's finding that counsel who conferred with defendant in person after sentencing sufficiently fulfilled his duty to consult); see also Flores-Ortega, 528 U.S. at 478 ("If [C]ounsel has consulted with [Petitioner], the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow [Petitioner's] express instructions with respect to an appeal.").  Accordingly, Petitioner's Motion is DENIED.

**IV. Conclusion**[4]

For the reasons set out above, Petitioner's Motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court shall close dkt. nos. 750 and 802 in 19-CR-291 and mail a copy of this Order to Petitioner.

**SO ORDERED.**

Dated:   November 4, 2025
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[4] Petitioner also raises three claims of ineffective assistance that he would raise on appeal. (Mot. at ECF 6.) The Court need not address the merit of these unsubstantiated claims as they are not within the scope of the instant Motion; but notably, Petitioner's claims are contradicted by Counsel's affidavit, (Mirvis Decl. ¶¶ 9-11), and Petitioner's own statements under oath confirming that he received satisfactory representation, (dkt. no. 667 at 11:14-17). See Puglisi v. United States, 586 F.3d 209, 214 (holding that "a district court need not assume the credibility of factual assertions . . . where the assertions are contradicted by the record in the underlying proceeding").

11